J. W. BEEKS, *Appellant,* v. LILIAN BEEKS, *Appellee.*

Opinion Filed November 4, 1913.

1. Where it is sought to annul a marriage contract on the ground of duress, it must be shown by clear, satisfactory and convincing evidence that the duress dominated throughout the transaction so as to disable the one influenced from acting as a free agent at the time of the marriage.

2. In a suit to annul a marriage contract for duress by threats, where the evidence shows the marriage contract was entered into by appointment in the absence of any threats, and of any one disposed to make or to execute threats, a decree dismissing the complaint will be affirmed.

Appealed from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*Macfarlane & Chancey,* for Appellant;

*Dickenson & Dickenson,* for Appellee.

WHITFIELD, J.—The appellee brought suit for alimony and counsel fees. The appellant husband as defendant filed an answer and also a cross-bill praying a decree granting him a divorce "and decreeing the Marital relations between them null and void," on the ground that the marriage was entered into by the appellant under duress of threats and has not been consummated by cohabitation. The court dismissed the husband's cross-bill and granted alimony and counsel fees to the wife. On appeal by the husband it is argued that the court erred in dismissing the cross-bill.

Where it is sought to annul a marriage contract on the ground of duress, it must be shown by clear, satisfactory and convincing evidence that the duress dominated throughout the transaction so as to disable the one influenced from acting as a free agent at the time of the marriage. 26 Cyc. 913. See, also, notes in 20 Ann. Cas. 1375.

The evidence shows that threats were made against the appellant if he did not marry the appellee with whom he had had improper relations, but the marriage contract was entered into by appointment in the absence of any threats, and of any one disposed to make or to execute threats. Under these circumstances, there was no error in dismissing the cross-bill, and the decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.